## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| TIFFANY JONES PERRYMAN,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>-v.-<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant(s). | Case No: 5:23-cv-32-DCB-LGI<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tiffany Jones Perryman ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, against Midland Credit Management, Inc. ("Midland" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1.     Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§1692(b) & (c).

2.     The purpose of the Act was not only to eliminate abusive debt collection practices,

but also to insure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* §1692(e). After determining that the existing consumer protection laws were inadequate, the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id.* §1692(b), §1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. §1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of consumers under §1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and Plaintiff is seeking damages and declaratory relief.

## PARTIES

6.      Plaintiff is a resident of the State of Mississippi, in Jefferson County.

7.      Defendant Midland is a "debt collector" as the phrase is defined in 15 U.S.C. §1692(a)(6) and used in the FDCPA with an address for service c/o Corporation Service Company at 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

8.      Upon information and belief, Defendant Midland is a company that uses the mail, telephone, and facsimile, and regularly engages in business with the principal purpose of attempting to collect debts alleged to be due to itself or another.

## CLASS ALLEGATIONS

9.      Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ.

P. 23(a) and 23(b)(3).

10.     The Class consists of all individuals:

    a.  with addresses in the State of Mississippi;

    b.  to whom the Defendant Midland sent an initial collection letter or

    c.  attempting to collect a consumer debt;

    d.  which letter was mailed on a date on or after the CFPB Regulation F took effect

        on November 30, 2021, and on or before a date twenty-one (21) days after the

        filing of this action; and

    e.  which letter failed to include all necessary notices under 12 CFR 1006.34.

11.     The Class also consists of all individuals:

    a.  with addresses in the State of Mississippi;

    b.  to whom the Defendant Midland sent a letter;

    c.  attempting to collect a consumer debt;

    d.  providing that the individual was pre-approved for a discount program to repay

        the debt with three options as follows:

        (A)   10% off to repay in one installment;

        (B) 5% off to repay in 32 installments;

        (C)  Flexible payment options; and

    e.  which letter was sent on or after a date one (1) year prior to the filing of this

        action and on or before a date twenty-one (21) days after the filing of this action.

12.     The identities of all class members are readily ascertainable from the records of the

Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

13.    Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§1692e, 1692f, and 1692g.

15.    Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16.    This action has been brought, and may properly be maintained, as a class action because there is a well-defined community interest in the litigation:

      a.    **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

      b.    **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form

attached as Exhibit A, violate 15 U.S.C. §§1692e, 1692f, and 1692g.

c.  **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.  **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.  Certification of a class under Rule Fed. R. Civ. 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.  Depending on the outcome of further investigation and discovery, Plaintiff may, at

the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

19.    Plaintiff incorporates the above allegations as if set forth herein.

20.    Some time prior to April 27, 2022, Plaintiff allegedly incurred an obligation to non-party Synchrony Bank.

21.    The alleged obligation arose out of transactions which were incurred primarily and solely for personal, family, or household purposes.

22.    The alleged Synchrony Bank obligation is a "debt" as defined by 15 U.S.C.§1692a(5).

23.    Thus, Synchrony Bank is a "creditor" as defined by 15 U.S.C. §1692a(4).

24.    Upon information and belief, Synchrony Bank sold or assigned the account to Midland to collect the alleged debt.

25.    Midland collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

### *Violations – April 27, 2022, Collection Letter*

26.    On or about April 27, 2022, Defendant Midland sent the Plaintiff an initial collection letter regarding the alleged debt owed, a copy of which is attached as Exhibit A (the "Letter").

27.    Pursuant to 15 U.S.C. § 1692l(d), "except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the [Consumer Financial Protection Bureau] may prescribe rules with respect to the collection of debts by debt collectors…"

28.     Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR §1006, commonly referred to as Regulation F.

29.     The Letter contains some of the notices previously required by 15 U.S.C. §1692g, but does not include the additional information required by Regulation F.

30.     12 CFR § 1006.34(c) requires a debt collector must provide the following validation information.

(1) ***Debt collector communication disclosure.*** The statement required by §1006.18(e).

(2) ***Information about the debt.*** Except as provided in paragraph (c)(5) of this section:

(i) The debt collector's name and the mailing address at which the debt collector accepts disputes and requests for original creditor information.

(ii) The consumer's name and mailing address.

(iii) If the debt collector is collecting a debt related to a consumer financial product or service as defined in §1006.2(f), the name of the creditor to whom the debt was owed on the itemization date.

(iv) The account number, if any, associated with the debt on the itemization date, or a truncated version of that number.

(v) The name of the creditor to whom the debt is currently owed.

(vi) The itemization date.

(vii) The amount of the debt on the itemization date.

(viii) An itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date. A debt collector may disclose the itemization on a separate page provided in the same communication with a validation notice, if the debt collector includes on the validation notice, where the itemization would have appeared, a statement referring to that separate page.

(ix) The current amount of the debt.

(3) ***Information about consumer protections***.

(i) The date that the debt collector will consider the end date of the validation

period and a statement that, if the consumer notifies the debt collector in writing on or before that date that the debt, or any portion of the debt, is disputed, the debt collector must cease collection of the debt, or the disputed portion of the debt, until the debt collector sends the consumer either verification of the debt or a copy of a judgment.

(ii)  The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer requests in writing on or before that date the name and address of the original creditor, the debt collector must cease collection of the debt until the debt collector sends the consumer the name and address of the original creditor, if different from the current creditor.

(iii) The date that the debt collector will consider the end date of the validation period and a statement that, unless the consumer contacts the debt collector to dispute the validity of the debt, or any portion of the debt, on or before that date, the debt collector will assume that the debt is valid.

(iv) If the debt collector is collecting debt related to a consumer financial product or service as defined in § 1006.2(f), a statement that informs the consumer that additional information regarding consumer protections in debt collection is available on the Bureau's website at *www.cfpb.gov/debt-collection.*

(v)  If the debt collector sends the validation notice electronically, a statement explaining how a consumer can, as described in paragraphs (c)(4)(i) and (ii) of this section, dispute the debt or request original-creditor information electronically.

(4) ***Consumer-response information.*** The following information, segregated from the validation information required by paragraphs (c)(1) through (3) of this section and from any optional information included pursuant to paragraphs (d)(3)(i) and (ii), (d)(3)(iii)(A), (d)(3)(iv) and (v), (d)(3)(vii) and (viii) of this section, and, if provided on a validation notice, located at the bottom of the notice under the headings, "How do you want to respond?" and "Check all that apply":

   *(i)*    ***Dispute prompts***. The following statements, listed in the following order, and using the following phrasing or substantially similar phrasing, each next to a prompt:

      (A)    "I want to dispute the debt because I think:";

(B)   "This is not my debt."

(C)   "The amount is wrong."; and

(D)   "Other (please describe on reverse or attach additional information)."

*(ii)*   Original-creditor information prompt. The statement, "I want you to send me the name and address of the original creditor.", using that phrase or a substantially similar phrase next to a prompt.

*(iii)*   Mailing addresses. Mailing addresses for the consumer and the debt collector, which are the

31.     Defendant's April 27, 2022 Letter failed to include all of the information as described above.

32.     Specifically, the Letter failed to include Plaintiff's correct mailing address, which lists an old address Plaintiff has not lived in for over ten years.

33.     The Letter failed to include an itemization date of any kind, any reference to an itemization date or a statement specifying the creditor on such date in violation of 12 CFR §1006.34(c)(2).

34.     The Letter failed to provide any of the specific dates required under 12 CFR §1006.34(c)(3) and thus it failed to properly advise the Plaintiff of the relevant information concerning consumer protections.

35.     The Letter further failed to provide the necessary consumer-response information required under 12 CFR § 1006.34(c)(4).

36.     In addition to failing to provide all of the information required by the various subsections of 12 CFR § 1006.34(c), the Letter also failed to clearly and conspicuously provide the validation information generally, in violation of 12 CFR §1006.34(d).

37.     Defendants also failed to provide the required disclosures in a manner that was reasonably expected to provide actual notice in violation of 12 CFR §1006.42.

38.    The collection Letter sets forth that the Plaintiff was pre-approved for a discount program to repay the debt with three options as follows:

      i.  10% off to repay in one installment;

      ii.  5% off to repay in 32 installments; and

      iii.  Flexible payment options;

39.    The third option provided by the Defendant is not adequately explained and results in two different possible interpretations.

40.    First, Option 3 might be construed to be an option where a discounted amount is being paid in monthly payments.

41.    Second, Option 3 might be construed to be an option where any monthly payments would be made until the debt is paid off.

42.    In addition, if Option 3 means that if any payments would be made until the debt is fully paid off, the Letter is deceptive because it describes all three options as options "designed to save you money." If the debt is being paid in full under Option 3, it is not a discount program and therefore the Letter is deceptive.

43.    By failing to explain whether Option 3 is a settlement option or a full pay option, the Letter is false, deceptive and misleading.

44.    Defendant misled the Plaintiff with a hollow "discount program" by using a deceptive accounting of the third payment option.

45.    As a result of the Defendants FDCPA violations, Plaintiff was unable to evaluate her options of how to handle this debt.

46.    Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

47.    Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

48.    Plaintiff has suffered emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep, because of the Defendant's misrepresentations and omissions concerning Defendant's improper actions.

49.    Plaintiff has suffered wasted time and annoyance because of the Defendant's misrepresentations and omissions concerning the characterization and amount of the debt.

50.    Plaintiff has expended, and continues to expend, time and money because of the Defendant's misrepresentations and omissions concerning the characterization and amount of the debt.

51.    Defendant's  improper acts have caused the Plaintiff to suffer reputational harm.

52.    The Defendant chose not to maintain procedures reasonably adopted to avoid such violations.

53.    Defendant failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

54.    These violations by the Defendant were knowing, willful, negligent, and/or intentional.

55.    The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

56.    As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, fraud, defamation, and conversion.

57.    Plaintiff is entitled to receive proper notice of the character and amount of the debt,

as required by the FDCPA.

58.    Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

59.    Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

60.    Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to or handle the Defendant's alleged debt collection.

61.    Plaintiff was confused and misled to her detriment by the statements in the Letter and relied on the contents of the Letter to her detriment.

62.    Because of the Defendant's actions, the funds the Plaintiff could have used to pay all, or part of the alleged debt were spent elsewhere.

63.    As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

64.    Plaintiff incorporates the above allegations as if set forth herein.

65.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

66.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt.

67.    Defendant violated said section, inter alia, by:

    a.    Falsely representing the character, amount, or legal status of the debt in violation of § 1692e (2);

    b.    Using a false representation or deceptive means to collect or attempt to collect a debt in violation of § 1692e (10);

68.    By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

69.    Plaintiff incorporates the above allegations as if set forth herein.

70.    Additionally, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692f.

71.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

72.    Defendant violated this section by unfairly collecting the alleged debt, as described above, in violation of § 1692f.

73.    By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

74.    Plaintiff incorporates the above allegations as if set forth herein.

75.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

76.    Pursuant to 15 U.S.C. §1692g(a):  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) The amount of the debt;

(2) The name of the creditor to whom the debt is owed;

(3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt- collector;

(4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) A statement that upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

77.    Defendants violated this section by, as described above, failing to clearly provide the necessary information regarding the debt, thereby tainting and overshadowing the information within the Letter.

## DEMAND FOR TRIAL BY JURY

78.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests

a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tiffany Jones Perryman, individually and on behalf of all others

similarly situated, demands judgment from the Defendant Midland as follows:

1.  Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and the undersigned counsel as Class Counsel;

2.  Awarding the Plaintiff and the Class statutory damages;

3.  Awarding the Plaintiff and the Class actual damages;

4.  Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.  Awarding pre-judgment interest and post-judgment interest; and

6.  Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted this the 27th day of April 2023.

**TIFFANY JONES PERRYMAN**

By: */s/ Jessica McLaurin*
Jessica McLaurin

Of Counsel:

Jessica McLaurin (MSB#104814)
**McLaurin Legal Counsel**
665 S Pear Orchard Rd
Ste 106 – 710
Ridgeland, MS 39157-4859
PH: 601-324-4006
EM: jmclaurin@mclegalcounsel.com

Rafael Green, MSB# 104715
GILMER & GREEN LEGAL GROUP, PLLC
Post Office Box 1668
Jackson, Mississippi 39215
Telephone: (769) 208-8122
Facsimile: (769) 235-6265

*Attorneys for Plaintiff*